Approved: _____
THANE REHN
Assistant United States Attorney

Before:  THE HONORABLE VALERIE FIGUEREDO
United States Magistrate Judge
Southern District of New York

**23 MAG 5707**

---

| UNITED STATES OF AMERICA | SEALED COMPLAINT |
|---|---|
| v. | Violations of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 2 |
| DERON BOONE, | COUNTY OF OFFENSE: |
| Defendant. | BRONX |

---

SOUTHERN DISTRICT OF NEW YORK, ss.:

EDGARDO BARBOT, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and charges as follows:

### COUNT ONE
**(Possession of a Firearm After a Felony Conviction)**

1. On or about February 14, 2023, in the Southern District of New York and elsewhere, DERON BOONE, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a 9mm Canik pistol, and the firearm was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(8) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2. I have been involved in the investigation of this matter, and I base this affidavit on that experience, as well as on my conversations with other law enforcement agents, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my review of criminal history records for DERON BOONE, the defendant, I know that on or about February 23, 1990, BOONE pled guilty in New York County Supreme Court to one count of Murder in the Second Degree with Intent, in violation of New York Penal Law Section 125.25, which is a Class A felony that carries a maximum term of life

imprisonment. On or about February 23, 1990, BOONE was sentenced to a term of imprisonment of seven years to life.

4. Based on my participation in the investigation, my conversations with the law enforcement officers referenced below, body camera footage, and my review of arrest reports, I have learned, in substance and in part, the following:

a. On or about February 14, 2023, two law enforcement officers ("Officer-1" and "Officer-2") responded to a 911 call reporting gunshots in the vicinity of 1924 Webster Avenue, Apartment 19G (the "Apartment"), in the Bronx, New York.

b. Officer-1 and Officer-2 went to the Apartment and knocked on the front door, which was answered by two individuals. One of those individuals was subsequently identified as the primary occupant of the Apartment, whose name was on the Apartment lease ("Individual-1"), and the other individual was subsequently identified as DERON BOONE, the defendant. Individual-1 and BOONE allowed Officer-1 and Officer-2 to enter the Apartment.

c. Individual-1 and BOONE told Officer-1 and Officer-2, in substance and in part, that a third person who they did not know had been inside the Apartment, that an unknown person had fired shots from the hallway outside the Apartment into the Apartment through the door, and that the third person who was inside the Apartment had fired shots out through the door of the Apartment in response. Individual-1 and BOONE further told Officer-1 and Officer-2 that the third person who had been inside the Apartment had left before Officer-1 and Officer-2 arrived.

d. Officer-1 and Officer-2 observed multiple shell casings inside the Apartment entryway near the door to the Apartment. Officer-1 and Officer-2 also observed bullet holes in the door to the Apartment that appeared to show bullets had both entered and exited the Apartment.

e. Officer-1 and Officer-2 obtained written consent from Individual-1 to search the Apartment.

f. After Individual-1 consented to the search, Officer-1 and Officer-2 conducted a search of the Apartment along with other law enforcement officers who had arrived at the Apartment. During the search, Individual-1 and BOONE were in the Apartment's living room.

g. In a bedroom that Individual-1 and BOONE identified as BOONE's bedroom, a law enforcement officer ("Officer-3") found a locked black metal safe box (the "Safe"). On being asked about the contents of the Safe, BOONE stated, in sum and substance, that he had personal items in the Safe and did not consent to open the Safe.

h. Officer-1 then left the Apartment to obtain a search warrant for the Safe. Officer-2 and other law enforcement officers remained in the Apartment along with Individual-1 and BOONE.

i. After obtaining a search warrant signed by a judge, Officer-1 returned to the Apartment. Upon being told that Officer-1 had obtained a search warrant for the Safe, BOONE

stated, in sum and substance, that he did not know what was in the Safe, which was contrary to his prior statements that he kept personal items in the Safe.

   j. A law enforcement officer opened the Safe pursuant to the search warrant. The Firearm was found inside.

   k. The Officers arrested BOONE for possession of the Firearm.

 5. I have reviewed an NYPD evidence voucher that identifies the Firearm that was recovered as a 9mm Canik pistol.

 6. I have reviewed a laboratory report prepared by an Analyst who works for the Office of Chief Medical Examiner for the City of New York, which analyzes a DNA sample taken from a swab of the slide grip grooves, slide release, and magazine release of the Firearm, and compares it to a DNA analysis of a sample containing the DNA of DERON BOONE, the defendant. The report concludes, in substance and in part, that the person who supplied the DNA in the sample containing the DNA of BOONE contributed DNA to the sample taken from the swab of the Firearm.

 7. I have reviewed a written communication from a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, who is familiar with the manufacture of firearms, who has confirmed that the Firearm was manufactured outside of the State of New York.

 WHEREFORE, I respectfully request that a warrant be issued for the arrest of DERON BOONE, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

*Edgardo Barbot*
EDGARDO BARBOT
Detective
New York City Police Department

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), this 24th day of July, 2023.

_____
THE HONORABLE VALERIE FIGUEREDO
United States Magistrate Judge
Southern District of New York